LAW OFFICE OF DELVIS MELENDEZ
ATTORNEY FOR PLAINTIFFS
90 BRADLEY STREET
BRENTWOOD, NEW YORK, 11717
631-434-1443
631-434-1443 FAX
DELVIS MELENDEZ, ESQ.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 19 2018 ★
LONG ISLAND OFFICE

DISTRICT COURT OF THE STATE OF NEW YORK
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DANIA BUESO, and FREDDY BUESO,
On behalf of themselves and others similarly situated

                    Plaintiffs,

   -against-

JENNINGS GATE RESTAUANT INC.,
d/b/a Storyville American Table and
SANDRA FINLEY AND SHANNON FINLEY
In their individual capacity

                    Defendants.
----------------------------------------------------------------X

COMPLAINT

BIANCO, J.

CV-18 0380

LOCKE, M. J.

Plaintiffs Dania Bueso, and Freddy Bueso on behalf of themselves and all others similarly situated, by and through their attorneys, Law Office of Delvis Melendez P.C., complaining of the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1.    Defendants have profited at the expense of their current and former employees who performed labor for Defendants' restaurant business by failing to pay said workers the state and federal proper minimum wage and/or overtime wage for each hour they worked over forty (40) hours, and/or spread of hours.

2.    By the conduct described throughout this Complaint, Defendants willfully violated the Fair Labor Standards Act and the New York Labor Law by failing to pay its employees,

including Plaintiffs, minimum wage and/or overtime compensation and/or spread of hours pay as required by federal and state law.

## NATURE OF THE ACTION

3. Plaintiffs seek to recover unpaid overtime wages that defendants owe them and similarly situated current and former non-exempt employees. Plaintiffs brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), on behalf of themselves and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. §216(b). Plaintiffs also bring this action on behalf of themselves and a class of similarly situated current and former non-exempt employees of defendants, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for unpaid overtime wages, under the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

5. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

7. Defendants do business in the State of New York, within the Eastern District of New York, and maintain a place of business at 43 Green St. Huntington, N.Y. 11746.

## THE PARTIES

8. The Plaintiff, DANIA BUESO is a resident of the County of Suffolk, State of New York.

9. The Plaintiff, FREDDY BUESO is a resident of the County of Suffolk, State of New York.

10. At all times relevant to the complaint, Plaintiffs, Dania Bueso, and Freddy Bueso were "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2) of Jennings Gate Restaurant Inc., d/b/a Storyville American Table located at 43 Green St. Huntington N.Y. 11746.

11. The Plaintiff, Dania Bueso was employed by the defendants from in or about August 2016 until October 12, 2017.

12. The Plaintiff, Freddy Bueso was employed by the defendants from in or about July 2016 until November 9, 2017t.

13 The Plaintiffs, performed non-exempt duties for the defendants. Plaintiffs' primary job duties included, but were not limited to, dishwashing, cleaning the kitchen, preparatory cooking, cooking and bus boys/gals.

14. Upon information and belief, defendant JENNINGS GATE RESTAURANT INC., was and still is a domestic corporation organized and existing pursuant to the laws of the State of New York.

15. Upon information and belief, the JENNINGS GAE RESTAURANT does business under the trade name of Storyville American Table. A restaurant and bar with its principal place of business is located at 43 Green St. Huntington N.Y. 11746.

16. Upon information and belief Defendant, JENNINGS GATE RESTAURANT INC., is a for profit company, who is engaged in commerce, with an annual gross revenue of

$500,000 for one or more years relevant to this lawsuit.

17. At all times relevant, defendant, JENNINGS GATE RESTAURANT INC., D/B/A STORYVILLE AMERICAN TABLE was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

18. Upon information and belief, the defendant SANDRA FINLEY, owns and/or operates JENNINGS GATE RESTAURANT D/B/A STORYVILLE AMERICAN TABLE.

19. Upon information and belief, the defendant SANDRA FINLEY has authority to make payroll and personnel decisions for the defendant JENNINGS GATE RESTAURANT D/B/SSTORYVILLE AMERICAN TABLE.

20. At all times hereinafter mentioned, the defendant, SANDRA FINLEY, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d) and New York State Labor Law §190(3).

21. Upon information and belief, the defendant SHANNON FINLEY, owns and/or operates and/or is a shareholder of JENNINGS GATE RESTAURANT D/B/A STORYVILLE AMERICAN TABLE.

22. Upon information and belief, the defendant SHANNON FINLEY has authority to make payroll and personnel decisions for the defendant JENNINGS GATE RESTAURANT D/B/A STORYVILLE AMERICAN TABLE.

23. At all times hereinafter mentioned, the defendant, SHANNON FINLEY, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d) and New York State Labor Law §190(3).

**FACTS**

24. Defendant, Jennings Gate Restaurant Inc., d/b/a Storyville American Table is a company engaged in the business of selling and serving food and beverages.

25. The Plaintiffs worked in a variety of positions ranging from back of the house workers to bus boys/gals for Defendants'.

26. Plaintiffs and similarly situated current and former employees performed a wide variety of duties including dish washing, cleaning, and busing tables.

27. Plaintiff, Dania Bueso began her employment with Storyville American Table working in the "back of the house" as a dishwasher.

28. As a dishwasher Dania Bueso routinely worked during the week from 4:00 p.m. until work 1:00 a.m. On Saturdays she routinely worked from 2:00 p.m. to 1:00 a.m. On Sunday's she worked from 9:00 a.m. to 11:00 p.m. She regularly worked six days per week.

29. Plaintiff Dania Bueso was paid nine dollars per hour irrespective of the hours worked.

30. Plaintiffs Dania Bueso worked as a dishwasher for approximately one year.

31. In or about September 2017, Plaintiff Dania Bueso began working as a front of the house tip employee.

32. She was paid forty ($40.00) per day, irrespective of hours worked, by Defendants plus a portion of shared tips.

33. Dania Bueso regularly worked at a minimum eight hour shifts four or five days per week.

34. Dania Bueso was terminated on October 12, 2017 after complaining of wage and hours violations.

35. On or about July 2016, FREDDY BUESO began working as a front of the house tipped employee.

36. Freddy Bueso routinely worked from 4:30 p.m. to 12:00 a.m. six days per week.

37. Plaintiff Freddy Bueso was paid forty dollars ($40.00) per day, irrespective of hours worked by defendants, plus a portion of shared tips.

38. Plaintiffs and similarly situated employees were paid in cash and off the books.

39. None of the plaintiffs were provided with wage notices.

40. None of the plaintiffs were provided with tip credit notice.

41. Plaintiffs did not receive any notice in their wages statements as to the amount of tip credit taken for each payment period during their employment.

42. Defendants never properly informed plaintiffs in writing as to their hourly rate of pay and overtime rate of pay as required under the New York Labor law.

43. None of the Plaintiffs were paid minimum wage and/or overtime as required by state and/or federal law.

44. At all times hereinafter mentioned, "back of the house" employees were required to be paid overtime pay at the statutory rate of time and one-half times the regular rate of pay after they had worked forty (40) hours in a workweek.

45. Tipped employees were required to be paid the statutory rate of one and half time minimum wage for hours worked in excess of forty(40).

46. Plaintiffs, and similarly situated employees worked more than forty hours in most workweeks in which they were employed by the defendants but were not paid minimum wage and/or overtime as required by state and federal law.

47. Defendants paid the "back of the house employee" straight time for

the hours worked each week; including hours worked in excess of 40 hours per week.

48. Defendants did not provide Plaintiffs and other similarly situated employees with spread of hours pay when they worked more than (10) ten hours in a single day.

49. Defendants are not entitled to a tip credit under the Fair Labor Standards Act and/or New York Labor Law because they failed to properly provide wage notice(s) to all tipped employees that Defendants were taking a tip credit.

50. Defendants willfully disregarded and purposefully evaded the record keeping requirements of the FLSA and the New York Labor Law by paying employees in cash completely off the books.

51. Defendants' refusal and/or failure to pay minimum wage and/or overtime were knowing and willful.

52. Defendants paid plaintiffs and similarly situated former and current employees, in cash, without providing an accurate indication as to their rate of pay, their hours worked each day, and the total hours worked each week and or tip credit taken.

53. Plaintiff Dania Bueso complained of wage and hour violations to management.

54. Plaintiff Dania Bueso advised the defendants that the waiters were shorting the busboys and busgirls of tips.

55. On or about October 12, 2017, Shannon Finley terminated Plaintiff Dania Bueso in retaliation for complaining of wage and hour violations.

## COLLECTIVE ACTION ALLEGATIONS

56. At all relevant times, Plaintiffs and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common

policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them minimum wage and/or overtime pay at the statutory rate for all hours worked in excess of forty (40) each week.

57. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiffs, who have been underpaid in violation of the FLSA. The named Plaintiffs are representative of those other workers and are acting on behalf of the defendants' current and former employees' interests as well as their own interest in bringing this action.

58. Plaintiffs seek to proceed as a collective action pursuant to 29 US.C. §216(b) on behalf of themselves and all similarly situated persons who work or have worked for defendants at any time during the three (3) years prior to the filing of their respective consent forms.

59. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the plaintiffs, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the defendants.

### FEDERAL RULE OF CIVIL PROCEDURE RULE 23
### CLASS ACTION ALLEGATIONS

60. Plaintiffs also bring New York Labor Law claims on behalf of themselves and a

class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of all persons "back of the house" and front of the house tipped employees who work or have worked for defendants in the State of New York at any time from the six (6) years prior to the filing of this complaint to the entry of the judgment in the case (the "Rule 23 Class").

61. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable.

62. The Rule 23 Class Members are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.

63. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

1. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

   a) Whether the defendants unlawfully failed to pay proper compensation in violation of and within the meaning of the New York Labor Law Article 6, 190 et seq. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

   b) Whether the defendants unlawfully failed to pay proper compensation in violation of and within the meaning of the New York Labor Law Article 6, 193 et seq. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146-1.7, 146-1.8;

   c) Whether the New York Class Representatives and Rule 23 Class are non-exempt from entitlement to premium compensation for hours worked in excess of forty (40)

hours per week;

   d) Whether defendants have failed to keep true and accurate time records for all hours worked by Plaintiffs and the Rule 23 Class;

   e) What proof of hours worked is sufficient when an employer fails in its duty to maintain true and accurate time records;

   f) What were the policies, practices, programs, procedures, protocols and plans of Defendant regarding payment of overtime wages;

   g) Whether defendants failed and/or refused to pay Plaintiffs and the Rule 23 Class minimum wage and overtime pay for hours worked in excess of 40 hours per work week within the meaning of New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

   h) The nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class;

   i) Whether defendants' general practice of failing and/or refusing to pay Plaintiffs and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week was done willfully or with reckless disregard of the federal and state wage and hour laws.

   j) Whether Defendants properly notified Plaintiffs and Class member of their hourly rate and overtime rate;

   k) Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

   l) Whether the Defendants provided proper wage statement information (i) to tipped employees of the amount of tip credit taken for each payment period and their proper

overtime rate of compensation and (ii) to all non-exempt employees include the information required to be provided on the wage statements as required under the New York Labor Law;

   m)  Whether Defendant paid Plaintiffs and Class member the federal and state minimum wage for all hours worked;

   n)  Whether Defendants paid Plaintiffs and the Class member the New York State spread of hours premium when their work days exceeded ten hours;

   2.  The claims of the Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent and the Rule 23 Class work or have worked for defendants in non-exempt positions and have not been paid overtime wages for the hours that they have worked in excess of 40 hours per week. Defendants have acted and have refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

   3.  Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation for hours worked in excess of forty (40) hours each week.

   4.  Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class.

   5.  Plaintiffs have retained counsel competent and experienced in complex class actions and in labor and employment litigation.

   6.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation

like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about defendants' practices.

7. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

## **FIRST CLAIM FOR RELIEF**
## **(FAIR LABOR STANDARDS ACT)**

64. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

65. Defendants did not provide Plaintiffs and similarly situated tipped employed with a wage notice notifying the employee of the tip credit taken.

66. Neither, did defendants provide Plaintiffs with wage statements indicating the hours worked and rate of pay.

67. As a result of defendants failure to provide the notice and statement to Plaintiffs and similarly situated employees they are prohibited from taking a tip credit.

68. Defendants failed to pay Plaintiffs and other similarly situated tipped employees minimum wage.

69. Defendants employed Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the minimum wage or regular hourly rate in violation of the FLSA.

70. The complete records concerning the number of hours worked by the plaintiffs as well as the compensation plaintiffs received in workweeks in which excess hours were worked are in the exclusive possession and control of the defendants, and as such, the plaintiffs are unable to state at this time the exact amount due and owing to them.

71. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

72. Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. §216(b).

73. At all relevant times, Plaintiffs and other similarly situated current and former employees of defendants were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

74. The overtime wage provisions set forth in §201 et seq. of the FLSA apply to the defendants.

75. Defendants have failed to pay Plaintiffs and other similarly situated current and

former employees the minimum and overtime wages to which they were entitled under the FLSA.

76. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

77. Because defendants' violations of the FLSA have been willful, a three- year statute of limitations applies, pursuant to 29 U.S.C. §255.

78. As a result of defendants' willful violations of the FLSA, Plaintiffs and all others employees of Defendants from 2015 to present have suffered damages by being denied minimum and overtime wages in accordance with 29 U.S.C. §201 et seq.

79. At all relevant time the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and Collective Plaintiffs for their hours worked.

80. Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs their minimum wage in the lawful amount for their hours worked.

81. As a result of defendants' unlawful acts, Plaintiffs and other similarly situated current and former employees have been deprived of minimum wage, overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
### (NEW YORK LABOR LAW: UNPAID MINIMUM AND OVERTIME WAGES)

82. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

83. At all relevant times, Plaintiffs were employees and Defendants have been an employer within the meaning of the New York Labor Law.

84. The minimum and overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to the defendants.

85. Defendants willfully violated Plaintiffs and Class members' rights by failing to pay the Plaintiffs minimum wage in the lawful amount for hours worked. Defendants' were not entitled to take a tip credit under the NYLL because they failed to (i) to properly provide notice to all tipped employee that Defendants were taking a tip credit, (ii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period and (iii) did not pay the correct cash wage amounts as required under NYLL.

86. Defendants employed Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the minimum wage or regular hourly rate, in violation of New York Labor Law.

87. The complete records concerning the number of hours worked by the Plaintiffs as well as the compensation Plaintiffs received in workweeks in which excess hours were worked are in the exclusive possession and control of the defendants, and as such, the plaintiffs are unable to state at this time the exact amount due and owing to them.

88. Defendants have failed to pay Plaintiffs and the Rule 23 Class Members the minimum and overtime wages to which they were entitled under the New York Labor Law.

89. By Defendants' failure to pay Plaintiffs and the Rule 23 Class Members minimum wage and overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

90. Due to defendants' violations of the New York Labor Law, Plaintiffs and the Rule 23 Class Members are entitled to recover from defendants their unpaid minimum and overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF

## NEW YORK LABOR LAW SPREAD OF HOURS PROVISIONS

91. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

92. Defendants willfully, knowingly and/or recklessly violated the provisions of the NYLL which require an employer to provide employee with one hour's pay at the basic minimum wage required for day where the spread of hours exceeds ten hours or there is a split shift or both situations occur. See N.Y. COMP.CODES R & REGS. Tit. 12 sec. 142-2.4, 142.20.

93. Plaintiffs and all other similarly situated present and former employees did not receive the spread of hours pay required under New York State Labor Law.

94. Due to Defendants' violation of the New York Labor Law, Plaintiffs and all others similarly situated present and former employees are entitled to an additional hour of pay at the minimum wage for each day worked in excess of ten hours.

## FOURTH CLAIM FOR RELIEF

## RETALIATION

95. Labor Law § 215 prohibits an employer from discharging, penalizing or in any other manner retaliating against an employee because such employee has made a complaint to his or her employer … that the employer has violated any provision of … the Labor Law.

96. Defendants retaliated against Plaintiff Dania Bueso by terminating her

employment on October 12, 2017, for complaining to management of wage and hour violations.

97. Due to defendants' violation of the anti-retaliation provision of New York Labor Law 215, Plaintiff is entitled to lost wage, liquated damages, emotional distress damages and attorney's fees.

## FIFTH CLAIM FOR RELIEF

## WAGE NOTICE VIOATIONS PURUSANT TO NYLL 195(1)

98. Defendants failed to provide Plaintiffs and other similarly situated employees with wage notice at the time of hiring.

99. NYLL 195(1) states pertinent part that an employer is to provide his or her employees, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances.

100. As a result of Defendants violation of the wage notice provisions, Plaintiffs and similarly situated employees are entitled to the statutory penalty, plus attorney's fees.

## SIXTH CLAIM FOR RELIEF

## WAGE STATEMENT VIOATIONS PURUSANT TO NYLL 195(3)

101. Defendants failed to provide Plaintiffs and other similarly situated employees with wage statements upon each earning cycle.

102. NYLL 195(3) states in pertinent part that an employer is to provide his or her employees with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any,

claimed as part of the minimum wage; and net wages.

103.    Defendants violated the provision of the NYLL 195(3) by paying the Plaintiffs and other similarly situated employees' exclusively in cash and off the books. At no time tendering to them wage statements.

104.    As a result of defendants' violation of the wage statement provisions, Plaintiffs and similarly situated employees are entitled to the statutory penalty plus attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

(i)     Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii)    Unpaid wages and additional and equal amounts as liquidated damages for violations of Article 19 sec. 650.

(iii)   Unpaid wages and additional and equal amounts as liquidated damages for violations of Article 6 sec. 193 and supporting New York State Department of Labor Regulations 12 N.Y.C. R.R part 146-1.7 146-1.8

(iv)    Certification of this case as a collective action under 29 U.S.C. §216(b) and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(v)     Designation of Plaintiffs as representative of the Rule 23 Class, and counsel of record as Class Counsel;

(vi)    Issuance of a declaratory judgment that the practices complained of in this

Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

 (vii) Damages in an amount to be determined at trial for Defendant's violation of New York State Labor Law §196-d;

 (viii) Damages in the amount of $5000. For each plaintiff for wage notice violations pursuant to NYLL 195(1).

 (ix) Damages in the amount of $5000. For each plaintiff for wage statements violations pursuant to NYLL 195(3).

 (x) An award of lost wages, liquidated, emotional distress and attorney's fees for retaliation pursuant to New York Labor Law 215.

 (xi) All attorneys' fees and costs incurred in prosecuting these claims; and

 (xii) Such other relief as this Court deems just and proper.

Dated: Brentwood, New York
January 19, 2018

        LAW OFFICES OF DELVIS MELENDEZ, P.C.

        _____
        s/s Delvis Melendez
        90 BRADLEY STREET
        BRENTWOOD, NEW YORK, 11717
        631-434-1443
        *Attorney for Plaintiffs*