**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

DANIA BUESO and FREDY BUESO, *on behalf of themselves and others similarly situated*,

                          Plaintiffs,

       -against-

JENNINGS GATE RESTAURANT, INC., d/b/a Storyville American Table and SANDRA FINLEY AND SHANNON FINLEY in their individual capacity,

                        Defendants.

Case No.: 18-cv-0380(ENV)(RLM)

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Plaintiffs Dania Bueso and Fredy Bueso (collectively hereinafter "Named Plaintiffs"), on behalf of themselves and of a class of individuals they seek to represent in the above-captioned matter, and Defendants Jenningsgate Rest. Inc. (improperly named herein as Jennings Gate Restaurant, Inc., d/b/a Storyville American Table) ("Jenningsgate"), Sandra Finley and Shannon Finley (collectively "Defendants").

## 1.     RECITALS AND BACKGROUND

WHEREAS, on January 19, 2018, Named Plaintiffs filed a Class and Collective Action Complaint in the U.S. District Court, Eastern District of New York, *Bueso, et al. v. Jennings Gate Restaurant, Inc., et al.* No. 18-cv-0380 (the "Litigation") in which claims were asserted against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York State Labor Law and regulations ("NYLL") for the alleged failure to pay certain minimum wage, overtime and other monies to Named Plaintiffs and all other employees who are allegedly similarly situated, under the NYLL for the alleged failure to pay spread of hours payments to Named Plaintiffs and all other employees who are allegedly similarly situated, and under the NYLL for the alleged failure to provide wage notice forms at the time of hire and alleged failure to provide accurate wage statements to Named Plaintiffs and all other employees who are allegedly similarly situated;

WHEREAS, on February 26, 2018, Named Plaintiffs filed an Amended Complaint;

WHEREAS, on July 12, 2018, Opt-In Plaintiff Damaris Flores Bonilla (hereinafter the "Opt-In Plaintiff") joined the Litigation;

WHEREAS, the purpose of this Agreement is to settle fully and finally all Released Claims between Named Plaintiffs, Opt-In Plaintiff, Class members and Defendants, including claims asserted in the Litigation;

WHEREAS, Defendants deny all of the allegations in the Litigation, and deny any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation;

WHEREAS, following protracted settlement negotiations and a settlement conference before Chief Magistrate Judge Mann, the parties reached a settlement resulting in this Agreement;

WHEREAS, without admitting or conceding any liability or damages whatsoever and without admitting that wages, overtime, and/or other amounts were withheld improperly from any employees, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation;

WHEREAS, Plaintiffs' Counsel has analyzed and evaluated the merits of the claims made against Defendants in the Action, and the impact of this Agreement on Plaintiffs and putative members of the collective and class actions, and based upon Plaintiffs' Counsel's analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiffs' Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Plaintiffs and the putative members of the collective and class actions;

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

1.    **DEFINITIONS**

The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1    **Agreement.** "Agreement" means this Settlement Agreement and Release.

1.2    **Class Counsel and Plaintiffs' Counsel.** "Class Counsel" and "Plaintiffs' Counsel" shall mean Delvis Melendez, Esq., The Law Office of Delvis Melendez, 90 Bradley Street, Brentwood, NY 11717, (631) 434-1443. The terms "Class Counsel" and "Plaintiffs' Counsel" shall be used interchangeably.

1.3    **Class Members.** "Class Members" shall mean Named Plaintiffs, Opt-In Plaintiffs and all individuals who worked as non-exempt "kitchen workers" and "bussers" at

2

Jenningsgate Rest. Inc. (improperly named herein as Jennings Gate Restaurant, Inc., d/b/a Storyville American Table), 43 Green Street, Huntington, NY 11743 from January 19, 2012 through December 26, 2018, including those listed in Exhibit B.

1.4    **Court.**  "Court" means the United States District Court for the Eastern District of New York, the Honorable Eric N. Vitaliano presiding.

1.5    **Days.**  Unless stated otherwise below, "days" means business days if the specified number is less than 10, and calendar days if the specified number is 10 or greater.

1.6    **Defendants.** "Defendants" shall mean Jenningsgate Rest., Inc., d/b/a Storyville American Table, Sandra Finley and Shannon Finley.

1.7    **Defendants' Counsel.**  "Defendants' Counsel" shall mean Adam G. Guttell, Esq. and Ashley C. Zangara, Esq. of Jackson Lewis P.C., 58 S. Service Rd., Ste. 250, Melville, NY 11747.

1.8    **Employer Payroll Taxes.**  "Employer Payroll Taxes" means all taxes and withholdings an employer is required to make arising out of or based upon the payment of employment compensation in this Litigation, including FICA, FUTA, and SUTA obligations.

1.9    **Effective Date.**  "Effective Date" of the settlement shall mean the last of the following dates: (a) the date fourteen (14) days after the entry of an order by the District Court granting final approval to the Settlement, if there are no appeals; or (b) if there is an appeal of the Court's decision granting final approval, the day after all appeals are finally resolved in favor of final approval.

1.10   **Fairness Hearing.**  "Fairness Hearing" means the hearing before the Court relating to the Motion for Final Approval.

1.11   **Final Approval Order.**  "Final Approval Order" means the Order entered by the Court after the Fairness Hearing, approving the terms and conditions of this Agreement.

1.12   **Litigation.**  "Litigation" means *Bueso, et al. v. Jennings Gate Restaurant, Inc., et al.* No. 18-cv-0380**.**

1.13   **Named Plaintiffs.**  "Named Plaintiffs" mean Dania Bueso and Fredy Bueso.

1.14   **Net Settlement Fund.**  "Net Settlement Fund" means the remainder of the Qualified Settlement Fund (as defined below in Section 1.21) after deductions for: (1) the Settlement Claims Administrator's fees and costs, if any; (2) Court-approved attorneys' fees and costs for Class Counsel; and (3) Court-approved Service Awards to the Named Plaintiffs.

1.15   **Notice or Notices.**  "Notice" or "Notices" means the Court–approved Notice of Proposed Settlement of Class Action and Collective Action Lawsuit.

3

**1.16**  **Objector.** "Objector" means an individual who properly and timely files an objection to this settlement.

**1.17**  **Opt-In Plaintiff.** "Opt-In Plaintiff" means Damaris Flores Bonilla.

**1.18**  **Opt-Out Statement.** "Opt-Out Statement" is a written signed statement that an individual Class Member has decided to opt-out and not be included in this Agreement.

**1.19**  **Participating Class Members.** "Participating Class Members" are all Class Members who do not submit a valid Opt-Out Statement.

**1.20**  **Preliminary Approval Order.** "Preliminary Approval Order" means the Order entered by the Court preliminarily approving the terms and conditions of this Agreement, and directing the manner and timing of providing Notices to the Class Members.

**1.21**  **Qualified Settlement Fund or QSF.** "Qualified Settlement Fund" or "QSF" means the fund established by the Settlement Claims Administrator for the Settlement Amount paid by Defendants. The QSF will be controlled by Settlement Claims Administrator subject to the terms of this Agreement and the Court's Orders for Preliminary Approval and Final Approval. Interest, if any, earned on the QSF will become part of the Net Settlement Fund.

**1.22**  **Released Claims**. "Released Claims" means all claims asserted, or wage and hour claims that could have been asserted, under federal or state laws by and on behalf of the Class Members in the Litigation. The Released Claims include all claims under federal or state laws for unpaid minimum, regular, or overtime wages, any related wage and hour claims, all claims related to purported service charges or gratuities, all claims for tip misappropriation, spread of hours or call-in pay, all derivative benefit claims, interest on such claims, and attorneys' fees and costs related to such claims through the date of the Preliminary Approval Order.

**1.23**  **Settlement Claims Administrator.** The "Settlement Claims Administrator" will be JND Legal Administration, which subject to approval by the Court, will mail the Notices and administer the calculation, allocation, and distribution of the QSF, though the parties reserve the right to select a different Settlement Claims Administrator upon joint consent. The Settlement Claims Administrator's fees, if any, shall be paid from any funds reverted to the Defendants from the Net Settlement Fund set forth in Sections 3.1(D)-(F) below, and, any Settlement Claims Administrator fees not covered by the reverted funds shall be paid for by Defendants but only after the reverted funds are realized and applied.

**1.24**  **Settlement Amount.** "Settlement Amount" means Four Hundred Twenty-Five Thousand Dollars and Zero Cents ($425,000.00), which is the maximum amount Defendants will pay to settle the Litigation as set forth in this Agreement and Employer Payroll Taxes.

4

**1.25    Settlement Checks.**  "Settlement Checks" means the set of checks issued to Class Members for their share of the Net Settlement Fund calculated in accordance with this Agreement.

**2.    INITIAL PROCEDURAL ISSUES**

**2.1    Binding Agreement.**  This Agreement is a binding agreement and contains all material agreed-upon terms for the parties to seek a full and final settlement of the Litigation.

**2.2    Retention and Responsibilities of the Settlement Claims Administrator.**  The Settlement Claims Administrator will be responsible for the mailing of Notices to Class Members identified in Exhibit B in accordance with the Court's Preliminary Approval Order, distributing Service Awards, calculating the Settlement Checks in accordance with the Court's Final Approval Order, the claims administration process, distribution of the Settlement Checks to Class Members, paying Class Counsel's approved attorneys' fees and costs, and providing copies of the Settlement Checks (front and back) signed by the Class Members to Defendants' Counsel.

(A)    The parties will have equal access to the Settlement Claims Administrator, and the Settlement Claims Administrator will provide regular reports to the parties, but no less frequently than every two (2) weeks, regarding the status of the mailing of the Notices to Class Members identified in Exhibit B, the claims administration process, the identity and number of Class Members who object to and/or opt-out of the Settlement, and the distribution and redemption of the Settlement Checks.

(B)    Defendants agree to reasonably cooperate with the Settlement Claims Administrator, to provide accurate information to the extent reasonably available necessary to calculate the Settlement Checks.

(C)    Class Counsel agrees not to engage in ex parte communications with the Settlement Claims Administrator for the purposes of soliciting contact information for the Class Members and/or directing the Settlement Claims Administrator's contact with Class Members.

(D)    **Funding Settlement Claims Administrator.** The Settlement Claims Administrator's costs and expenses shall be paid from any funds reverted to the Defendants from the Net Settlement Fund set forth in Sections 3.1(D)-(F) below, and, any Settlement Claims Administrator fees not covered by the reverted funds shall be paid for by Defendants but only after the reverted funds are realized and applied.

**2.3    Preliminary Approval Motion.**

(A)    Class Counsel will submit to Defendants' Counsel a draft Motion for Preliminary Settlement Approval, memorandum of law in support thereof, proposed Notice to Class Members, and Proposed Order (together the "Preliminary Approval Motion"). Defendants shall not oppose the Preliminary Approval Motion filed with the Court.  If either Named Plaintiff revokes acceptance of this Agreement within the seven (7) day

revocation period, Class Counsel will withdraw the Preliminary Approval Motion, to the extent it is already filed with the Court, and the Parties will meet and confer as soon as practicable to discuss revising the terms of this Agreement as appropriate.

(B)   Class Counsel shall file the Preliminary Approval Motion with the Court.   The Preliminary Approval Motion will seek the setting of date(s) for individuals to opt-out of this Agreement or provide objections to this Agreement, which date will be sixty (60) days from the mailing of Notice to the Class Members, and for a Fairness Hearing for Final Approval of the settlement before the Court at the earliest practicable date.

(C)   In the Preliminary Approval Motion, Class Counsel will inform the Court of the intended process to obtain a "Final Approval Order" and a "Judgment of Dismissal" that will, among other things, seek to: (1) approve the settlement as fair, adequate and reasonable; (2) incorporate the terms of the Release, as described herein; (3) dismiss the Litigation with prejudice; (4) award Class Counsel fees and costs; (5) approve the Settlement Claims Administrator's costs and fees and (6) award Service Awards to Named Plaintiffs.

(D)   If the Court denies the Preliminary Approval Motion, unless the parties jointly agree to seek reconsideration of the ruling or to seek Court approval of a renegotiated settlement, the Litigation will resume as if no settlement had been attempted.  Defendants retain the right to contest whether the Litigation should be maintained as a class action or collective action and to contest the merits of all the claims being asserted in the Litigation.

(E)   The Parties will work together, diligently and in good faith, to expeditiously obtain a Preliminary Approval Order, Final Approval Order, and Final Judgment and Dismissal.

**2.4   Notice to Class Members**

(A)   The Settlement Claims Administrator within 7 days of Preliminary Approval shall conduct skip traces of the class members identified in Exhibit B ascertaining their last known address and telephone numbers.

(B)   Within ten (10) days of the filing of the Preliminary Approval Order, the Settlement Claims Administrator shall mail to all Class Members identified in Exhibit B, via First Class United States Mail, postage prepaid, the Court-approved Notices of Proposed Settlement of Class and Collective Action Lawsuit and Fairness Hearing.

(C)   If any Claim Form is returned as undeliverable, the Settlement Claims Administrator shall take all reasonable steps to obtain the correct address of such Class Member identified in Exhibit B, including telephoning the class member to obtain the correct address and shall attempt one re-mail per Class Member identified in Exhibit B. The Settlement Claims Administrator will notify Counsel of any Notice sent to a Class Member identified in Exhibit B that is returned as undeliverable after the first mailing, as well as any such Notice returned as undeliverable after any subsequent mailing(s) as set forth in this Agreement.

**2.5     Class Member Opt-Outs.**

(A)     Class Members who choose to opt-out of the settlement as set forth in this Agreement must mail via First Class United States Mail, postage prepaid, a written, signed statement to the Settlement Claims Administrator that states he or she is opting out of the settlement, and include his or her name, job title, address, and telephone numbers and states, "I opt out of the Jenningsgate wage and hour settlement" ("Opt-out Statement").

(B)     The end of the time period to opt-out of the settlement ("Opt-out Period") shall be sixty (60) days after the day on which the Settlement Claims Administrator successfully mails a Notice to a Class Member.

(C)     The Settlement Claims Administrator will, within ten (10) days after the last day on which it mails the last Notice to any Class Member, notify Counsel by email of the precise date of the end of the Opt-out Period.

(D)     The Settlement Claims Administrator will stamp the postmark date on the original of each Opt-out Statement that it receives and shall serve copies of each Opt-out Statement on Class Counsel and Defendants' Counsel not later than seven (7) days after receipt thereof.  The Settlement Claims Administrator will also, via Defendants' counsel, within seven (7) days of the end of the Opt-out Period, file with the Clerk of Court, stamped copies of any Opt-out Statements.  The Settlement Claims Administrator will, within five (5) days of the end of the Opt-out Period, send a final list of all Opt-out Statements to Class Counsel and Defendants' Counsel by email.  The Settlement Claims Administrator will retain the stamped originals of all Opt-out Statements and originals of all envelopes accompanying Opt-out Statements in its files until such time as the Settlement Claims Administrator is relieved of its claims administration duties and responsibilities under this Agreement.

(E)     Any Class Member who does not properly submit an Opt-out Statement pursuant to this Agreement, will be deemed to have accepted the settlement and the terms of this Agreement, and will be issued a Settlement Check, which will contain a release of both their FLSA and New York Labor Law state law claims, and a consent-to-join the Litigation, as set forth in this Agreement.

**2.6     Objections to Settlement.**

(A)     Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing.  To be considered, such statement must be mailed to the Settlement Claims Administrator via First-Class United States Mail, postage prepaid, and be received by the Settlement Claims Administrator by a date certain sixty (60) days after the Settlement Claims Administrator mails Notice to such Class Member.  The statement must include all reasons for the objection and any reasons not included in the statement will not be considered.  The statement must also include the name, job title, address, and telephone numbers for the Class Member making the objection.  The Settlement Claims Administrator will stamp the date received on the original and send copies of each objection to Class Counsel and Defendants' Counsel by email and first

7

class mail no later than seven (7) days after receipt thereof.  The Settlement Claims Administrator will also file the date-stamped originals of any and all objections with the Court via Defendants' Counsel within seven (7) days after the end of the Opt-out Period.

(B)     An individual who files objections to the settlement ("Objector") also has the right to appear at the Fairness Hearing either in person or through counsel hired by the Objector. An Objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or her written objections at the time he or she submits his or her written objections.  An Objector may withdraw his or her objections at any time.  No Class Member may present an objection at the Fairness Hearing based on a reason not stated in his or her written objections.  A Class Member who has submitted an Opt-out Statement may not submit objections to the Settlement.

(C)     The parties may file with the Court written responses to any filed objections no later than three (3) days before the Fairness Hearing unless otherwise directed by the Court.

**2.7     Fairness Hearing and Motion for Final Approval and Dismissal.**

(A)     Plaintiffs' Counsel will prepare a Motion for Final Approval of Settlement, Payment of Service Awards and Payment of Class Counsel's Legal Fees, and Final Approval Order ("Final Approval Motion"). Plaintiffs shall allow Defendants a reasonable opportunity, which shall be at least ten (10) business days, to review the Final Approval Motion to ensure it is consistent with this Agreement.  Class Counsel will file the Final Approval Motion and Final Approval Order with the Court.

(B)     At the Fairness Hearing and in the Motion for Final Approval of Settlement, the parties will request that the Court, among other things: (1) certify the Class and the Collective for purposes of settlement; (2) approve the settlement and Agreement as fair, reasonable, adequate, and binding on all Class Members who have not timely opted out of the settlement; (3) order the Settlement Claims Administrator to distribute Settlement Checks from the Net Settlement Fund to the Class Members and Service Awards to be paid to the Named Plaintiffs from the QSF; (4) order the attorneys' fees and costs to be paid to Class Counsel and the Settlement Claims Administrator fees and costs be paid from any funds reverted to the Defendants from the Net Settlement Fund set forth in Sections 3.1(D)-(F) below, and, any Settlement Claims Administrator fees not covered by the reverted funds be paid for by Defendants but only after the reverted funds are realized and applied; (5) order the dismissal with prejudice of all claims asserted or that could have been asserted in the Litigation and the New York Labor Law state law claims of all Class Members who did not opt-out and dismissal with prejudice of all FLSA claims asserted or that could have been asserted in the Litigation of all Class Members who endorse a Settlement Check, subject only to an application for relief under Fed. R. Civ. P. 60(b)(1), or 60(d); (6) order entry of Final Judgment in accordance with this Agreement; and (7) retain jurisdiction as necessary for the purpose of filing consent-to-join forms from the Class Members as set forth in their Settlement Checks and other relief.

(C)     If the Court fails to enter a Final Approval Order in accordance with this Agreement, or if the Final Approval Order is set aside by appeal, the parties will resume the Litigation

unless the parties jointly agree to: (1) seek reconsideration or appellate review of the decision denying Final Approval; or (2) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement.

(D)    If any reconsideration and/or appellate review is denied, or a mutually agreed-upon settlement is not approved, the Litigation will proceed as if no settlement had been attempted.

(E)    If the Court fails to enter a Final Approval Order, the Settlement Claims Administrator will provide notice to Class Members that the Agreement did not receive Final Approval and that, as a result, no payments will be made to Class Members under the Agreement. The content of such notice shall be agreed to by the parties and such notice shall be mailed by the Settlement Claims Administrator via First Class United States Mail, postage prepaid, to the addresses used by the Settlement Claims Administrator in mailing the Notices.

(F)    The Final Approval Order will order the Settlement Claims Administrator to (1) provide verification to Class Counsel and Defendants' Counsel that it has distributed the Settlement Checks, (2) retain copies of all of the endorsed Settlement Checks with releases, and (3) provide Defendants' Counsel with the original or copies of the endorsed Settlement Checks (both sides) in accordance with this Agreement and the Court's Final Approval Order.

**2.8    Releases and Consents to Join.**

(A)    A Class Member who does not timely return an Opt-out Statement will be issued Settlement Checks by the Settlement Claims Administrator from the Net Settlement Fund in accordance with the Final Approval Order.

(B)    All Settlement Checks shall contain, on the back of the check, the following limited endorsement:

> **CONSENT TO JOIN AND FINAL RELEASE OF CLAIMS:**
>
> By endorsing this check, I consent to join the FLSA collective action against Defendants styled *Bueso, et al. v. Jennings Gate Restaurant Inc., et al.* No. 18-cv-0380 and release Defendants from all wage and hour claims under the Fair Labor Standards Act and the New York Labor Law which were or which could have been brought in the Litigation, including but not limited to claims related to minimum wage and overtime wage claims, through [the Effective Date].
>
> _____    Dated:_____
> Signature
>
> Any modification or amendment of the above-language by the Class Member at Defendants' discretion may not be accepted, and may void the Settlement Check.

(C)     The Settlement Claims Administrator will mail the Settlement Checks as reflected in Section 3.1, below.

(D)     Within ninety (90) days from the date each group of the Settlement Checks are mailed as reflected in Section 3.1, below, the Settlement Claims Administrator shall provide Defendants' Counsel with two signed (front and back) copies of each Settlement Check that was cashed within the sixty (60) day period after the checks were mailed.

## 3.     SETTLEMENT TERMS

### 3.1     Settlement Amount.

(A)     Defendants agree to pay a Settlement Amount of Four Hundred Twenty-Five Thousand Dollars and Zero Cents ($425,000.00) which shall fully and finally resolve and satisfy any claim for attorneys' fees and costs approved by the Court, any and all amounts to be paid to Class Members, any Court-approved Service Awards to Named Plaintiffs, any fees and costs associated with liquidating the Qualified Settlement Fund, and the Settlement Claims Administrator's fees and costs.  Defendants will not be required to pay more than Four Hundred Twenty-Five Thousand Dollars and Zero Cents ($425,000.00) under the terms of this Agreement, except that Defendants shall be responsible for paying, in addition to the Settlement Amount, Employer Payroll Taxes.

(B)     **Funding and Distribution.** Upon Preliminary Approval, Defendants shall fund the Qualified Settlement Fund in the amount of Three Hundred Thousand Dollars and Zero Cents ($300,000.00) (the "Initial Settlement Funding") within seven (7) days. Within six (6) months following Preliminary Approval, Defendants shall make the Final Settlement Funding into the QSF in the amount of One Hundred Twenty-Five Thousand Dollars and Zero Cents ($125,000.00) (the "Final Settlement Funding").

(1)     If the Final Effective Date is more than six months after Preliminary Approval then, within seven (7) days of the Final Effective Date, the Settlement Claims Administrator shall distribute the total settlement amount of Four Hundred Twenty-Five Thousand Dollars and Zero Cents ($425,000.00). From this amount the Settlement Claims Administrator shall distribute: (i) each Authorized Claimant's share under this Agreement, (ii) the Service Award and (iii) the Fee Award.

(2)     If the Final Effective Date is less than six months after Preliminary Approval, then within seven (7) days of the Final Effective Date, the Settlement Claims Administrator shall distribute the Initial Settlement Funding in the amount of Three Hundred Thousand Dollars and Zero Cents ($300,000.00). From this amount the Settlement Claims Administrator shall distribute a proportionate share, based on the total settlement amount, of: (i) each Authorized Claimant's share under this Agreement, (ii) the Service Award and (iii) the Fee Award (the "Initial Settlement Payment"). Six (6) months following Preliminary Approval, the Settlement Claims Administrator shall distribute the Final Settlement

10

Funding in the amount of One Hundred Twenty-Five Thousand Dollars and Zero Cents ($125,000.00). From this amount, the Settlement Claims Administrator shall distribute the remaining shares of: (i) each Authorized Claimant's share under this Agreement, (ii) the Service Award, and (iii) the Fee Award (the "Final Settlement Payment").

The Settlement Claims Administrator will forward to Plaintiffs' Counsel the settlement checks for Dania Bueso, Fredy Bueso and Damaris Flores for distribution.

(C)    **Default.**   A default under this Agreement shall be considered to have occurred if Defendants fail to make  any scheduled payment within ten (10) business days of the due date for such payment pursuant to Section 3.1 ("Default"). Following any Default, Class Counsel shall send notice of the Default by email and overnight mail (or by certified mail) (the "Default Notice") to Defendants' Counsel.  Defendants shall have ten (10) days from its receipt of the Default Notice to cure the Default.  If the Default is not timely cured within that ten (10) day period, Defendants shall reimburse reasonable attorney's fees and costs associated with Class Counsel's recovery of the scheduled payment, as awarded by the Court. With respect to the Final Settlement Payment only, if Defendants do not cure within ten (10) business days after receipt of notice, Plaintiffs shall be entitled to file the Affidavits of Confession of Judgment, attached here to as Exhibit "A" ("Confession"). The Confession shall be held in escrow by Class Counsel. Upon completion of payments set forth in this paragraph, Class Counsel shall promptly return the Confession to counsel for Defendants and retain no copies of the Confession.

(D)    As the Qualified Settlement Fund is funded by Defendants, the Settlement Claims Administrator shall deposit the Qualified Settlement Fund entirely into FDIC insured interest bearing accounts and interest from such interest bearing accounts will become part of the Net Settlement Fund and be held by the Settlement Claims Administrator in escrow.

(E)    Class Members will have sixty (60) days from the date of the mailing of the Settlement Checks to cash their Settlement Checks.  If a Class Member does not cash the Settlement Check then said money shall revert back to Defendants. If a Class Member does not cash the Settlement Check issued during the Initial Settlement Payment, that Class Member will not receive a Settlement Check in the Final Settlement Payment.

(F)    Any uncashed Settlement Checks or Service Awards in the QSF sixty-one (61) days after such checks are mailed and all other amounts remaining in the QSF sixty-one (61) days after the last Settlement Check is mailed, including amounts of the Final Settlement Payment not mailed pursuant to Section 3.1(D) above, will revert to Defendants .

**3.2    Settlement Amounts Payable as Attorneys' Fees and Costs.**

(A)    At the Fairness Hearing and in the Motion for Final Approval, Class Counsel will petition the Court for an award of Attorneys' costs in the amount of One Thousand Seven Hundred Seventy-Five Dollars and Zero Cents ($1,775.00) and

11

Attorneys' fees in the amount of One Hundred Forty-One Thousand and Seventy-Five Dollars and Zero Cents ($141,075.00), for a total of One Hundred Forty-Two Thousand, Eight Hundred and Fifty Dollars and Zero Cents ($142,850.00) to be paid from the QSF as set forth in Section 3.1(B) above. After depositing the Settlement Amount with the Settlement Claims Administrator for the QSF, Defendants shall have no additional liability for Class Counsel's attorneys' fees and costs.

(B)     The outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval.  Any reduction in the fees or costs sought by Class Counsel by the Court shall be redistributed among the Class Members.

(C)     The attorneys' fees and costs shall be paid from the QSF in accordance with Section 3.1(B) at the time the payments to Participating Class Members are mailed.

**3.3     Service Awards.**

(A)     In return for services rendered to the Class Members, at the Fairness Hearing, the Named Plaintiffs will apply to the Court to receive Service Awards from the QSF.  The Named Plaintiffs shall seek no more than Ten Thousand Dollars and Zero Cents ($10,000.00) each.   Any amounts not approved by the Court will be redistributed among the Participating Class Members.

(B)     The outcome of the Court's ruling on the application for Service Awards will not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval or for Final Judgment and Dismissal.  Should all or part of any Service Award sought not be approved by the Court, the sum shall be redistributed among the Participating Class Members.

**3.4     Net Settlement Fund and Allocation to Class Members.**

(A)     The allocation to Participating Class Members for Settlement Checks will be made from the Net Settlement Fund.

(B)     A Participating Class Member's proportionate share of the Net Settlement Fund will be determined pursuant to the following: Divide the Settlement Class Member's hourly compensation rate during their employment in half, then multiply this figure by the Settlement Class Member's total overtime hours per week and multiply the sum by the total weeks worked during employment within the applicable six (6) year statute of limitations period, using that amount, determining the portion of the share of the Net Settlement Fund after funds are paid to the Named Plaintiffs and Opt-In Plaintiffs representing a calculation of the full amount allegedly due and owing to the Named Plaintiffs and Opt-In Plaintiffs for unpaid wage and liquidated damages.

**3.5    Tax Characterization.**

(A)    Settlement Checks paid to Class Members will be allocated 50% to W-2 wage payments and 50% to 1099 non-wage payments for interest and liquidated damages. Any Service Awards will be considered 1099 non-wage income. All wage payments to Class Members shall be subject to applicable withholding taxes.

(B)    The Settlement Claims Administrator is responsible for issuing and filing appropriate forms associated with payments of any amounts to Class Members, including, but not limited to, issuing the W-2 and 1099 Forms for all amounts paid to the Class Members.

(C)    In instances where the Class Members' social security number is not readily available the Class Administrator will contact the class member(s) and attempt to secure their Social Security number or Tax identification number before withholdings are taken.

**4.    RELEASE**

**4.1    Release of Claims.**

(A)    By operation of the entry of the Judgment and Final Approval, except as to such rights or claims as may be created by this Agreement, each individual Class Member who does not timely opt-out pursuant to this Agreement forever and fully releases Releasees, which shall include Sandra Finley, Shannon Finley and Jenningsgate Rest. Inc. (improperly named herein as Jennings Gate Restaurant Inc. d/b/a Storyville American Table), as well as their respective owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, insurers, reinsurers, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them, as well as their present and former owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and all persons acting by, through, under or in concert with any of them, from all claims asserted, or wage and hour claims that could have been asserted, under the New York Labor Law by and on behalf of the Class Members in the Litigation. The Released Claims include all claims under the New York Labor Law for minimum, regular or overtime wages, any related wage and hour claims, all claims for spread of hours pay or call-in pay, all claims related to purported service charges or gratuities, all claims for tip misappropriation, and penalties for alleged wage notice and wage statement violations, all related derivative benefit claims, interest on such claims, and attorneys' fees and costs related to such claims through the Effective date. Each Class Member who endorses a Settlement Check also releases all claims asserted, or wage and hour claims that could have been asserted, under the Fair Labor Standards Act by and on behalf of the Class Members in the Litigation through the Effective date.

(B)    Except as provided in this Agreement, Class Counsel, Named Plaintiffs and the Opt-In Plaintiff, on behalf of the Class Members and each individual Class Member, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that he, she or they may have against Defendants for attorneys' fees or costs associated with

13

Class Counsel's representation of the Class Members in the Litigation. Class Counsel further understands and agrees that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees and costs associated with Class Counsel's representation in the Litigation.

4.2   **Denial of Liability.**

(A)   Defendants have agreed to the terms of this Agreement without in any way acknowledging any fault or liability, and with the understanding that terms have been reached because this settlement will avoid the further expense and disruption of Defendants' business due to the pendency and expense of litigation. Nothing in this Agreement shall be deemed or used as an admission of liability by Defendants, or as an admission that a class should be certified for any purpose other than settlement purposes.

5.   **INTERPRETATION AND ENFORCEMENT**

5.1   **Cooperation Between the Parties; Further Acts.** The parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

5.2   **No Assignment.** Class Counsel, Named Plaintiffs and the Opt-In Plaintiff, on behalf of the individual Class Members, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

5.3   **Entire Agreement.** This Agreement constitutes the entire agreement between the parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the parties shall be deemed merged into this Agreement.

5.4   **Binding Effect.** This Agreement shall be binding upon the parties and, with respect to Named Plaintiffs, the Opt-In Plaintiff and all Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

5.5   **Arms' Length Transaction; Materiality of Terms.** The parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the parties in entering into this Agreement, unless otherwise expressly stated.

5.6   **Captions.** The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

14

5.7    **Construction.**  The determination of the terms and conditions of this Agreement has been by mutual agreement of the parties.  Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

5.8    **Blue Penciling.**  If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

5.9    **Governing Law.**  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

5.10    **Continuing Jurisdiction.**  The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.  The Court shall not have jurisdiction or authority to modify the terms of the Agreement or to increase Defendants' payment obligations hereunder.

5.11    **Waivers, etc. to Be in Writing.**  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any party to insist upon the strict performance by any other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

5.12    **When Agreement Becomes Binding; Counterparts.**  This Agreement shall become valid and binding upon its complete execution.  The parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all parties had signed the same instrument.

5.13    **Facsimile and Email Signatures.**  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY HER PORTION OF THE SETTLEMENT AMOUNT AND OTHER CONSIDERATION IN PARAGRAPH "3," DANIA BUESO FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HER ATTORNEYS, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES AS SET FORTH IN THIS AGREEMENT.**

**I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME AND TRANSLATED INTO SPANISH, IF NECESSARY.**

**ESTOY DE ACUERDO CON ESTOS TÉRMINOS YO AFIRMO QUE ME HAN EXPLICADO EL SIGNIFICADO, EFECTO Y LOS TERMINOS DE ESTE ACUERDO Y, SI ES NECESARIO, LOS MISMOS HAN SIDO TRADUCIDOS EN ESPANOL.**

DANIA BUESO

_____          By: _____
Date                                            Dania Bueso

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY HIS PORTION OF THE SETTLEMENT AMOUNT AND OTHER CONSIDERATION IN PARAGRAPH "3," PLAINTIFF FREDY BUESO FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS ATTORNEYS, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES AS SET FORTH IN THIS AGREEMENT.**

**I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME AND TRANSLATED INTO SPANISH, IF NECESSARY.**

**ESTOY DE ACUERDO CON ESTOS TÉRMINOS YO AFIRMO QUE ME HAN EXPLICADO EL SIGNIFICADO, EFECTO Y LOS TERMINOS DE ESTE ACUERDO Y, SI ES NECESARIO, LOS MISMOS HAN SIDO TRADUCIDOS EN ESPANOL.**

FREDY BUESO

_____          By: _____
Date                                            Fredy Bueso

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION IN SECTION "3" AND OTHER VOLUNTARY BENEFITS SET FORTH IN THIS AGREEMENT, THE OPT-IN PLAINTIFF, DAMARIS FLORES BONILLA, FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HER ATTORNEYS, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES.**

**I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME AND TRANSLATED INTO SPANISH, IF NECESSARY.**

**ESTOY DE ACUERDO CON ESTOS TÉRMINOS YO AFIRMO QUE ME HAN EXPLICADO EL SIGNIFICADO, EFECTO Y LOS TERMINOS DE ESTE ACUERDO Y, SI ES NECESARIO, LOS MISMOS HAN SIDO TRADUCIDOS EN ESPANOL.**

DAMARIS FLORES BONILLA


_____        By: _____
Date                                                  Damaris Flores Bonilla

17

JENNINGSGATE REST. Inc.

_____        By: _____
Date                                            Name : Sandra Finley


SANDRA FINLEY

_____        By: _____
Date                                            Sandra Finley


SHANNON FINLEY

_____        By: _____
Date                                            Shannon Finley

18

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

DANIA BUESO and FREDY BUESO, *on behalf of themselves and others similarly situated*,

                Plaintiffs,

    -against-

JENNINGS GATE RESTAURANT, INC., d/b/a Storyville American Table and SANDRA FINLEY AND SHANNON FINLEY in their individual capacity,

                Defendants.

Case No.: 18-cv-0380(ENV)(RLM)

**AFFIDAVIT FOR JUDGMENT BY CONFESSION**

STATE OF NEW YORK    )
                        )ss:
COUNTY OF SUFFOLK    )

SANDRA FINLEY, being duly sworn, deposes and says:

1. I am the owner of Jenningsgate Rest. Inc., located at 43 Green Street, Huntington, NY 11743, County of Suffolk, State of New York.

2. I am a signatory to and bound by a Settlement Agreement entitled Settlement and Release Agreement, dated July __, 2019 ("Settlement Agreement") which, by its terms, authorizes the entry of Judgment by Confession.

3. I, along with Shannon Finley and Jenningsgate Rest. Inc., jointly and severally, hereby confess judgment in favor of DANIA BUESO and FREDY BUESO, and the Class Members as defined by the Settlement Agreement, (collectively "Plaintiffs"); and, attorney for the Plaintiffs, Delvis Melendez, Esq., The Law Office of Delvis Melendez, ("Class Counsel"), for the total gross sum of the "Final Settlement Payment," as defined in the Settlement

19

Agreement as One Hundred Twenty-Five Thousand Dollars and Zero Cents ($125,000.00). I hereby authorize the Plaintiffs, and Class Counsel, or their heirs, executors, administrators, or assigns to enter judgment for the Final Settlement Payment, less any amount already paid toward the total amount of One Hundred Twenty-Five Thousand Dollars and Zero Cents ($125,000.00), against me, Shannon Finley and Jenningsgate Rest. Inc., jointly and severally.

4.     This Confession of Judgment is for a debt justly due to Plaintiffs and Class Counsel arising out of the following facts.

    a.  Plaintiffs initiated an action in the United States District Court, Southern District of New York, Docket No.: 18-cv-0380(ENV)(RLM), alleging violations under the Fair Labor Standards Act and the New York Labor Law (the "Federal Action");

    b.  By the terms of the Settlement Agreement, Defendants Jenningsgate Rest. Inc. (improperly named herein as Jennings Gate Restaurant, Inc., d/b/a Storyville American Table) ("Jenningsgate"), Sandra Finley and Shannon Finley (collectively "Defendants"), jointly and severally, promised to pay Plaintiffs and Class Counsel the Final Settlement Payment, consisting of a maximum total gross sum of One Hundred Twenty-Five Thousand Dollars and Zero Cents ($125,000.00).

    c.  JENNINGSGATE REST. INC. and any successor in interest is jointly and severally liable for all payments due to the Plaintiffs (in the Federal Action) and their Class Counsel as herein provided.

7.     This Affidavit for Judgment by Confession shall be held in escrow by Class Counsel and not entered unless and until a default has occurred hereunder, and ten (10) business

days' written notice to Adam G. Guttell, Esq., via email at Adam.Guttell@jacksonlewis.com, and via overnight mail (or by certified mail) to Adam G. Guttell, Esq., Jackson Lewis P.C., 58 S. Service Road, Melville, NY 11747, has been given, as required by the Settlement Agreement, and such default having not been cured.

8.      I understand that a failure to the Final Settlement Payment will result in a default and if the default is not cured within ten (10) business days' written notice, as described above, that this confession of judgment will be entered in the clerk's office.

9.      Upon payment in full of the Final Settlement Payment due to Plaintiffs and Class Counsel, the judgment to be entered herein shall be satisfied as of record, and this Affidavit of Judgment by Confession shall be null and void.

10.      This Confession of Judgment is not for the purpose of securing the Plaintiffs against a contingent liability.

SANDRA FINLEY

By:      _____
         SANDRA FINLEY

         Dated: _____, 2019

On _____, 2019, before me personally came Sandra Finley, known to me to be the individual described herein, and who executed the foregoing Affidavit for Confession by Judgment, and duly acknowledged to me that he executed same.

_____
Notary Public

21

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DANIA BUESO and FREDY BUESO, *on behalf of themselves and others similarly situated*,

Plaintiffs,

-against-

JENNINGS GATE RESTAURANT, INC., d/b/a Storyville American Table and SANDRA FINLEY AND SHANNON FINLEY in their individual capacity,

Defendants.

Case No.: 18-cv-0380(ENV)(RLM)

## AFFIDAVIT FOR JUDGMENT BY CONFESSION

STATE OF NEW YORK    )
                                      )ss:
COUNTY OF SUFFOLK    )

SHANNON FINLEY, being duly sworn, deposes and says:

5.      I have an ownership interest in Jenningsgate Rest. Inc., located at 43 Green Street, Huntington, NY 11743, County of Suffolk, State of New York.

6.      I am a signatory to and bound by a Settlement Agreement entitled Settlement and Release Agreement, dated July__, 2019 ("Settlement Agreement") which, by its terms, authorizes the entry of Judgment by Confession.

7.      I, along with Sandra Finley and Jenningsgate Rest. Inc., jointly and severally, hereby confess judgment in favor of DANIA BUESO and FREDY BUESO, and the Class Members as defined by the Settlement Agreement, (collectively "Plaintiffs"); and, attorney for the Plaintiffs, Delvis Melendez, Esq., The Law Office of Delvis Melendez, ("Class Counsel"), for the total gross sum of the "Final Settlement Payment," as defined in the Settlement

22

Agreement as One Hundred Twenty-Five Thousand Dollars and Zero Cents ($125,000.00). I hereby authorize the Plaintiffs, and Class Counsel, or their heirs, executors, administrators, or assigns to enter judgment for the Final Settlement Payment, less any amount already paid toward the total amount of One Hundred Twenty-Five Thousand Dollars and Zero Cents ($125,000.00), against me, Sandra Finley and Jenningsgate Rest. Inc., jointly and severally.

8.     This Confession of Judgment is for a debt justly due to Plaintiffs and Class Counsel arising out of the following facts.

     d.   Plaintiffs initiated an action in the United States District Court, Southern District of New York, Docket No.: 18-cv-0380(ENV)(RLM), alleging violations under the Fair Labor Standards Act and the New York Labor Law (the "Federal Action");

     e.   By the terms of the Settlement Agreement, Defendants Jenningsgate Rest. Inc. (improperly named herein as Jennings Gate Restaurant, Inc., d/b/a Storyville American Table) ("Jenningsgate"), Sandra Finley and Shannon Finley (collectively "Defendants"), jointly and severally, promised to pay Plaintiffs and Class Counsel the Final Settlement Payment, consisting of a maximum total gross sum of One Hundred Twenty-Five Thousand Dollars and Zero Cents ($125,000.00).

     f.   JENNINGSGATE REST. INC. and any successor in interest is jointly and severally liable for all payments due to the Plaintiffs (in the Federal Action) and their Class Counsel as herein provided.

11.     This Affidavit for Judgment by Confession shall be held in escrow by Class Counsel and not entered unless and until a default has occurred hereunder, and ten (10) business

23

days' written notice to Adam G. Guttell, Esq., via email at Adam.Guttell@jacksonlewis.com, and via overnight mail (or by certified mail) to Adam G. Guttell, Esq., Jackson Lewis P.C., 58 S. Service Road, Melville, NY 11747, has been given, as required by the Settlement Agreement, and such default having not been cured.

12.     I understand that a failure to the Final Settlement Payment will result in a default and if the default is not cured within ten (10) business days' written notice, as described above, that this confession of judgment will be entered in the clerk's office.

13.     Upon payment in full of the Final Settlement Payment due to Plaintiffs and Class Counsel, the judgment to be entered herein shall be satisfied as of record, and this Affidavit of Judgment by Confession shall be null and void.

14.     This Confession of Judgment is not for the purpose of securing the Plaintiffs against a contingent liability.

SHANNON FINLEY

By:     _____
SHANNON FINLEY

Dated: _____, 2019

On _____, 2019, before me personally came Shannon Finley, known to me to be the individual described herein, and who executed the foregoing Affidavit for Confession by Judgment, and duly acknowledged to me that he executed same.

_____
Notary Public

24

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

DANIA BUESO and FREDY BUESO, *on behalf of themselves and others similarly situated*,

Plaintiffs,

-against-

JENNINGS GATE RESTAURANT, INC., d/b/a Storyville American Table and SANDRA FINLEY AND SHANNON FINLEY in their individual capacity,

Defendants.

Case No.: 18-cv-0380(ENV)(RLM)

## AFFIDAVIT FOR JUDGMENT BY CONFESSION

STATE OF NEW YORK    )
                     )ss:
COUNTY OF SUFFOLK    )

SANDRA FINLEY, being duly sworn, deposes and says:

9.      I am the owner of Jenningsgate Rest. Inc., located at 43 Green Street, Huntington, NY 11743, County of Suffolk, State of New York.

10.     I am a signatory to and bound by a Settlement Agreement entitled Settlement and Release Agreement, dated July __, 2019 ("Settlement Agreement") which, by its terms, authorizes the entry of Judgment by Confession.

11.     I on behalf of Jenningsgate Rest. Inc., along with Shannon Finley and myself, individually, jointly and severally, hereby confess judgment in favor of DANIA BUESO and FREDY BUESO, and the Class Members as defined by the Settlement Agreement, (collectively "Plaintiffs"); and, attorney for the Plaintiffs, Delvis Melendez, Esq., The Law Office of Delvis Melendez, ("Class Counsel"), for the total gross sum of the "Final Settlement Payment," as defined in the Settlement Agreement as One Hundred Twenty-Five Thousand Dollars and Zero

25

Cents ($125,000.00). I hereby authorize the Plaintiffs, and Class Counsel, or their heirs, executors, administrators, or assigns to enter judgment for the Final Settlement Payment, less any amount already paid toward the total amount of One Hundred Twenty-Five Thousand Dollars and Zero Cents ($125,000.00), against Jenningsgate Rest. Inc., Shannon Finley and me, individually, jointly and severally.

12. This Confession of Judgment is for a debt justly due to Plaintiffs and Class Counsel arising out of the following facts.

g. Plaintiffs initiated an action in the United States District Court, Southern District of New York, Docket No.: 18-cv-0380(ENV)(RLM), alleging violations under the Fair Labor Standards Act and the New York Labor Law (the "Federal Action");

h. By the terms of the Settlement Agreement, Defendants Jenningsgate Rest. Inc. (improperly named herein as Jennings Gate Restaurant, Inc., d/b/a Storyville American Table) ("Jenningsgate"), Sandra Finley and Shannon Finley (collectively "Defendants"), jointly and severally, promised to pay Plaintiffs and Class Counsel the Final Settlement Payment, consisting of a maximum total gross sum of One Hundred Twenty-Five Thousand Dollars and Zero Cents ($125,000.00).

i. JENNINGSGATE REST. INC. and any successor in interest is jointly and severally liable for all payments due to the Plaintiffs (in the Federal Action) and their Class Counsel as herein provided.

15. This Affidavit for Judgment by Confession shall be held in escrow by Class Counsel and not entered unless and until a default has occurred hereunder, and ten (10) business

26

days' written notice to Adam G. Guttell, Esq., via email at Adam.Guttell@jacksonlewis.com, and via overnight mail (or by certified mail) to Adam G. Guttell, Esq., Jackson Lewis P.C., 58 S. Service Road, Melville, NY 11747, has been given, as required by the Settlement Agreement, and such default having not been cured.

16.    I understand that a failure to the Final Settlement Payment will result in a default and if the default is not cured within ten (10) business days' written notice, as described above, that this confession of judgment will be entered in the clerk's office.

17.    Upon payment in full of the Final Settlement Payment due to Plaintiffs and Class Counsel, the judgment to be entered herein shall be satisfied as of record, and this Affidavit of Judgment by Confession shall be null and void.

18.    This Confession of Judgment is not for the purpose of securing the Plaintiffs against a contingent liability.

JENNINGSGATE REST. INC.

By:    _____
Sandra Finley, owner Jenningsgate Rest. Inc.

Dated: _____, 2019

On _____, 2019, before me personally came Sandra Finley, on behalf of JENNINGSGATE REST. INC., known to me to be the individual described herein, and who executed the foregoing Affidavit for Confession by Judgment, and duly acknowledged to me that he executed same.

_____
Notary Public

27

<u>EXHIBIT B</u>

Dania Bueso
Jose Canalez
Fredy Bueso
Lorenzo Sierra
Dennis Mendoza
Carlos Mendez
Gennaro Valencia
Mike Waly
Mynor Portillo
Blanca Costano
Damaris Flores
Gerson Florez
Robert Konia
Edwin Villarta
Carlos Mendez
Joseline Soto
Juan Salomonc
Kevin Dominguez
Jonathan Montez
Francisco Mendez
Marvin Grandado
Jonthan Munoz
Armanda Hernandez
Tanya Reyez
Elmer Ramos
Jose Gramma
Christian Acosta
Nelson Vasquez
Gabriella Pellechia
Brian Lopez
Brian Flores
Sindy Amaya
Wilmer Dominguez

4845-2957-0205, v. 1