Representing Management Exclusively in Workplace Law and Related Litigation

# jackson lewis.

Jackson Lewis P.C.
58 South Service Road
Suite 250
Melville, New York 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

MY DIRECT DIAL IS: 631-247-4675
MY EMAIL ADDRESS IS: ADAM.GUTTELL@JACKSONLEWIS.COM

August 12, 2019

**VIA ECF**

Chief Magistrate Judge Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:  Bueso, et al. v. Jennings Gate Rest, Inc., et al.
> Civ. No.:  18-CV-0380

Dear Chief Magistrate Judge Mann:

We represent Defendants, Jenningsgate Rest. Inc. (improperly named here as Jennings Gate Restaurant Inc., d/b/a Storyville American Table), Sandra Finley and Shannon Finley, in their individual capacity, ("Defendants") in the above-referenced matter. We write to request that the Court issue an Order prohibiting Plaintiff's counsel from exceeding the parameters of the Settlement Agreement, specifically the provision pertaining to Notice to Settlement Class Members.[1]

Upon receiving the Preliminary Approval Order [ECF Doc. 71], a copy of the Notice to Settlement Class Members was forwarded to the Settlement Claims Administrator, JND Legal ("JND") for translation and ultimate distribution. JND highlighted the fact that the Notice did not contain a provision whereby Settlement Class Members return a W-9 form (JND requires Social Security Numbers to process settlement payments). Plaintiffs' Counsel wrote to JND indicating that she can produce Social Security or ITIN numbers for the Settlement Class Members whose information she provided[2] and requested that JND provide her with telephone numbers of other Settlement Class Members so that she may communicate with them directly to obtain this

---

[1] To the extent the instant letter should be address to District Judge Vitalino Defendants will re-file this letter accordingly.

[2] Plaintiffs' counsel apparently has been in contact with numerous Settlement Class Members to obtain contact information. As noted below, this goes beyond the agreed upon terms of the Settlement Agreement.

**jackson|lewis.**

information. We spoke with opposing counsel and she also stated that she would communicate with these Settlement Class Members to gauge their interest in the settlement.

As Your Honor may recall, during settlement negotiations, Plaintiffs' Counsel sought to send out notice to the Settlement Class Members and Defendants opted to engage a settlement claims administrator as there was distrust on both sides and Defendants believed a neutral party was the best option. Plaintiff's counsel agreed to the retention of a claims administrator so long as the fee was paid out of the reversion funds, not the initial settlement fund. JND was engaged and, per the settlement agreement, the only form of notice to the class members is a copy of the notice sent via First Class United States Mail to the Settlement Class Members. "If any Claim Form is returned as undeliverable, [JND] will take all reasonable steps to obtain the correct address of such Class Member. . . including telephoning the class member to obtain the correct address and shall attempt one-re-mail per Class Member." [*See* ECF Doc. 70-1 at pg. 6] Nowhere in the agreement did Defendants agree for Plaintiffs' Counsel to obtain contact information unilaterally, provide that information to JND, direct JND as to where notices should be sent, obtain contact information from JND's skip trace efforts, or reach out to the Settlement Class Member for any purpose – especially to provide notice.

Plaintiff's counsel is seeking to circumvent the agree-upon Notice provision to contact Settlement Class Members. In doing so Plaintiff's counsel is interfering with JND's responsibilities under the agreement and seeking to have (and already having) unfettered *ex parte* communication before and, ultimately, during the notice period. Plaintiffs' Counsel's conduct and anticipated conduct goes beyond the parties' agreement and the settlement itself is in jeopardy. In order to ensure this process occurs properly through JND, Defendants request an Order preventing Plaintiffs' Counsel from contacting the Settlement Class Members to solicit contact information or providing notice of the settlement to Settlement Class Members.[3]

Respectfully submitted,

JACKSON LEWIS P.C.

Adam G. Guttell

cc: All counsel of record (*via* ECF)

---

[3] Defendants' note that the Settlement Agreement provides for a short turn around period of 10 days for JND to mail notices. To the extent this dispute delays JND's ability to do so, Defendants' request relief from that period.