*LAW OFFICE OF DELVIS MELENDEZ*
*90 BRADLEY ST.*
*BRENTWOOD, N.Y. 11717*
*631-434-1443*

August 13, 2019

Chief Magistrate Judge Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    Bueso, et al. v. Jennings Gate Rest, Inc., et al.
        Civ. No.:  18-CV-0380

Dear Magistrate Judge Mann:

The undersigned is Class Counsel in the above mentioned case, and responds to Defendants August 12, 2019, letter seeking to restrain Counsel's ability to fairy and adequately protect the interest of the class in violation of FRCP 23(g) (4). Defendants' motivation in obstructing Counsel's ability to notify the Class of a settlement is transparent. The Settlement Agreement provides a reversion clause for uncashed settlement checks. As such, Defendants are incentivized in not finding the class and/or not aiding the Administrator in finding the class.

Most of the Class Members were paid in cash off the books. Defendants had little to no records regarding their employment. Addresses, telephone numbers and tax identification numbers were not readily available. The subject positionality of the Class Members creates unique circumstances. The immigration status of the Class along with their migratory nature creates obstacles in notify the class. Through the assistance of the Class representatives approximately half the Class Members have been located.  Those Class Members have contacted Class Counsel directly and provided their addresses and telephone numbers. That information was sent to the Claims Administrator to assist him in sending out the notices. Defense Counsel objected to Class Counsel providing the Administrator with up to date information. They contend that the Administrator is to conduct a skip trace for addresses and the Notice should be sent to that location, even if it is not current. This will assure that Notices will be lost or never received by the Class Members. The entire purpose of providing Notice is to alert the Class of the existence of the lawsuit. Once preliminary approval is bestowed, the second step of the process ensues; notice is given to the class members of a hearing, at which time class members and the settling parties may be heard with respect to final court approval." American Med. Ass'n v. United Healthcare Corp., No. 00 Civ. 2800, 2009 WL 1437819, at *3 (S.D.N.Y. May 19, 2009). Pursuant to Rule 23(c)(2)(B), when a class is certified under Rule 23(b)(3) the Court must direct

to the class members "the best notice practicable under the circumstances, including individual notice to all members, who can be identified through reasonable effort." Reade–Alvarez, 237 F.R.D. at 34 (citing Weinberger v. Kendrick, 698 F.2d 61, 70–71 (2d Cir.1982)).  See also Passafiume v. NRA Group LLC,  274 F.R.D. 424 ( E.D.N.Y 2010). Indeed, the public policy interest favors broad notification efforts due to the remedial nature of the wage and hour laws.

Defendants reading of section 2.2© of the Settlement Agreement is interpreted by them to the point of contortion. That section provides that "Class Counsel agrees not to engage in ex parte communications with the Settlement Claims Administrator for the purposes of soliciting contact information for the Class Members and/or directing the Settlement Claims Administrator's contact with Class Members." ( See Exhibit "A" Settlement Agreement). Class Counsel represents the interests of and owes a fiduciary duty to the entire class. "[R]esponsibility for compliance [with the procedural rules governing class actions] is placed primarily upon the active participants in the lawsuit, especially upon counsel for the class, for, in addition to the normal obligations of an officer of the court, and as counsel to parties to the litigation, class action counsel possess, in a very real sense, fiduciary obligations to those not before the court" Wyly v. Milberg Weiss Bershad & Shulman, LLP 12 N.Y. 3d 400 ( Court of Appeals 2009).  Defendants desire to subvert participation in the Class Action settlement does not trump Class Counsel's responsibilities to protect the class. Class Counsel's August 8, 2019, communication with Stephen Donaldson, the Class Administrator, was not ex parte as defendants would have this court believe. Adam Guttell received an instantaneous copy of the email being C.C. on it. ( See Exhibit "B" August 8, 2019, email). Class Counsel has not overstepped the provisions of the settlement agreement. No communication with the Administrator has been ex parte.  Defense counsel has received a copy of every email sent to the Administrator. The Court cannot condone Defendants attempts at derailing Class Members participation in the Settlement by not allowing best possible notice. Clearly, not allowing Class Counsel to have contact with the Administrator and/or Class Members will thwart reasonable efforts at contacting the class.

Defendants seek to interfere with Class Counsel's ability to protect the Class. The Administrator seeks to include a W-9 in with the Notice. He acknowledges he does not expect to get many back. The Notice itself states the Class Members are not required to do anything in order to get a check. Many of the Class Members, who have contacted me, have already provided their social security numbers or ITIN number. Others are in the process of obtaining a tax identification number. Many of the Class members due to the current climate are afraid of being involved with any legal entity and/or proceeding. The letter from JND Legal Administration, letting Class Members know that they are entitled to money, if they produce their social security number is seen as suspect. They are concerned that they will be deported or ICE will be notified. They do not understand the process and/or protections. In the absence of a social security number or ITIN number the Class Members will be subjected to the maximum withholdings which they will not receive the benefit from. The Class Members are entitled to know that they can obtain an ITIN number which will prevent maximum tax withholdings. It is in the interest of the Class and my responsibility as Class Counsel to advise them of same. Providing Class Counsel with the telephone numbers of those class members who have not provided a social security or ITIN will not prejudice Defendants in anyway. Their objection is

predicated on the fact that they do not want Class participation due to the reversion clause. As such, they do not want Class Counsel speaking to the Class Members despite Counsel's fiduciary responsibilities to the class. Class Counsel is entitled to the telephone numbers of those members that did not provide a social security or ITIN number in order to obtain the necessary information. In addition, the Administrator should be directed to use the current addresses provided by Class Counsel when sending out Notices.

Defendants request for an Order requiring Class Counsel to desist from contacting the Class Members to solicit contact information or provide notice of the settlement violates the mandated of FRCP 23 (g)(4) and therefore should be denied. Class Counsel owes a duty to fairly represent the Class, and defendants cannot impinge on that right.

Plaintiffs respectfully request a case management order directing defendants to desist in attempts at subverting class participating by limiting Class Counsel's contact with the Administrator, providing the telephone number and/or contact information for those class members who have not provided tax identification numbers and directing the Administrator to use the current contact information provided by Class Counsel. See, e.g., FED. R. CIV. P. 23(d); Kleiner, 751 F.2d at 1201 (finding that the district court's orders limiting defendants' contacts with class members were properly "characterized ... as directives to counsel in their capacity as officers of the court, pursuant to the court's inherent power to manage its cases" as opposed to injunctions pursuant to Federal Rule of Civil Procedure 65); MANUAL FOR COMPLEX LITIGATION, FOURTH § 21.33 n. 917 (2004) (citing cases and noting that an order of curative notice under Rule 23(d)(2) is considered "an exercise of the court's case-management authority" and does not require issuance of a formal injunction).

Respectfully submitted,

s/s Delvis Melendez

Delvis Melendez

C.C Adam Guttell